Maxan *v.* His Creditors.

Felix Maxan *v.* His Creditors.

The syndic of the creditors of an insolvent is entitled to a commission on the proceeds of the sale of the mortgaged property, though purchased by the mortgagee, who retains the price in discharge of the mortgage debt.

The syndic of the creditors of an insolvent is entitled to the same commission, where the cession of property was made by a creditor in actual custody, as in cases of voluntary surrender under the act of 1817.

Appeal from the Commercial Court of New Orleans, *Watts*, J.

C. M. *Randall*, for the appellant.

*Castera*, for the syndic.

Martin, J. Edward Hall Barton, a creditor of the insolvent, is appellant from a judgment overruling his opposition to a charge in the tableau of distribution of three hundred and fifty nine dollars, and thirty two cents, for commission to the syndic, Gabriel Wartelle. The sole question, which this case presents, is, whether a syndic is entitled to his commission on the proceeds of the sale of mortgaged property, when it is purchased by the mortgagee, and he retains the price, which finally remains in his hands, in discharge of the mortgaged debt? The first judge has solved this question in the affirmative, and it does not appear to us, that he erred. There could be no doubt of his right to the commission, if the premises had been adjudged to any other person than the mortgagee. The adjudication to the latter authorized him to retain the price, and the homologation of the tableau of distribution showed that he was not bound to restore the price, nor any part thereof. The appellant's availing himself of the right, which the law gave him, to retain the price, ought not to place the appellee in *duriori casu*. It is true, that it relieved the latter of the trouble of receiving the price, and of repaying it; but it also relieved the appellant from the numeration of the money twice, and it afforded him the use of it between the sale and the homologation of the tableau. The appellee's trouble and responsibility, if they were at all diminished, were so for the exclusive benefit of the appellant.

The insolvent was in custody; and this circumstance is presented to us as one, which ought to debar the syndic from his claim to the commission, because, although the law expressly allows a commission to the syndic in ordinary insolvencies, it is entirely silent on

that head as to cases in which the insolvent is incarcerated. This argument, in our opinion, borders very much on absurdity. The laborer is worthy of his hire. The reason is the same in one kind of insolvency as in the other, and the law ought not to differ. *Ubi eadem est ratio, eadem est lex.*

*Judgment affirmed.*